

# FILED

APR 1 1 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT



### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDIE WHITING, an individual, | § | |
| | § | |
| Plaintiff, | § | 18 CV 202 JHP - JFJ |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| TRANSAMERICA OCCIDENTAL LIFE | § | |
| INSURANCE COMPANY, a foreign | § | |
| insurance company, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

For the purpose of removing this action to the United States District Court for the Northern District of Oklahoma, Defendant Transamerica Life Insurance Company ("Transamerica"), successor by merger to Transamerica Occidental Life Insurance Company, states as follows:

### I. PROCEDURAL POSTURE – STATE COURT ACTION

1.     Transamerica is the proper Defendant in a civil action commenced in the District Court of Tulsa County, Oklahoma, currently styled as *Edie Whiting, an individual v. Transamerica Occidental Life Insurance Company, a foreign insurance company*, Case No. CJ-2018-00982.  The named Defendant has been merged into Transamerica.

2.     Transamerica was served with the Summons and Petition on March 22, 2018.

3.     The following constitutes all of the process, pleadings, and orders served upon Transamerica in this action:  The Summons and Petition, copies of which are set forth as Exhibits "A" and "B," attached hereto and incorporated herein as part of this Notice of

_____Mail   _____No Cert Svc   _____No Orig Sign
_____C/J   _____C/MJ   _____C/Ret'd   _____No Env
_____No Cpys   _____No Env/Cpys   _____O/J   _____OMJT

Removal.

## II. STATEMENT OF APPLICABLE LAW - DIVERSITY JURISDICTION

**A.   Diversity of Parties' Citizenship**

4.     Plaintiff alleges that she is an individual residing in Tulsa County, Oklahoma. (Petition ¶ 1).

5.     Transamerica Life Insurance Company is the successor by merger to Transamerica Occidental Life Insurance Company.  Transamerica is alleged to be a foreign insurance company. (Petition ¶ 2).  Transamerica Life Insurance Company is organized and existing under the Iowa law with its principal place of business in Cedar Rapids, Iowa.

6.     Plaintiff and Transamerica are therefore citizens of different states.

**B.   Amount in Controversy**

7.     Plaintiff's Petition alleges that Edie Whiting, as the widow of Richard Whiting, is entitled to the $100,000 death benefit under her deceased husband's life insurance policy.  Plaintiff has sued for breach of contract, negligence, and breach of the covenant of good faith and fair dealing.  As a result, Plaintiff alleges that she is entitled to recover judgment in an amount "in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs and all other relief which the Court deems just and proper." (See Petition, Prayer).

8.     The Petition alleges that contract damages are $100,000 exclusive of interest and costs.  Because the Petition alleges an amount in controversy in excess of the jurisdictional limit, diversity jurisdiction is "plain from the face of plaintiff's complaint," 14A Charles Alan Wright et al., Federal Practice & Procedure § 3702 at 26; § 3725 at 223 (Supp. 1997).  Here, on the face of Plaintiff's Petition, the amount in controversy exceeds

the jurisdictional threshold for diversity jurisdiction exclusive of interest and costs.

**C.     Removal to this Court Is Therefore Proper**

9.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, Transamerica removes this action to federal court in accordance with 28 U.S.C. § 1441.

**D.     Removal is Timely**

10.     This Notice of Removal is filed within thirty (30) days after service on Transamerica of the Summons and Petition.

WHEREFORE, Defendant Transamerica Life Insurance Company prays that the above-entitled action be removed to this Court from the District Court of Tulsa County, Oklahoma.

DATED:  April 11, 2018.

Respectfully submitted,

_/s/ Jeffrey J. Wolf_____
Jeffrey J. Wolf
Texas Bar No. 21849012
THE WOLF LAW FIRM, P.C.
1360 N. White Chapel Blvd.
Southlake, Texas 76092
Telephone: (817) 552-9653
Facsimile: (817) 552-0300
jwolf@wolflawpc.com
**ATTORNEYS FOR DEFENDANT**
**TRANSAMERICA LIFE INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2018, a true and correct copy of the above and foregoing was served via U.S. mail, postage prepaid thereon, to the following:

Patrick H. Kernan, OBA #493
Heritage Professional Plaza
425 East 22nd St; Ste 101
Owasso, OK 74055
(918) 376-4610
Fax: (918) 376-4993
pkernan@cox.net

and

Kris Ted Ledford, OBA #17552
Ledford Law Firm
Heritage Professional Plaza
425 East 22nd St; Ste 101
Owasso, OK 74055
(918) 376-4610
Fax: (918) 376-4993
kris@ledford-lawfirm.com
**ATTORNEYS FOR PLAINTIFF**

_/s/ Jeffrey J. Wolf_____
Jeffrey J. Wolf

# Exhibit A

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

EDIE WHITING, an individual,

        Plaintiff,

v.

        Case No. CJ-2018-0982

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

        Defendant.

## ALIAS SUMMONS

To the above named Defendant:    Transamerica Occidental Life Insurance Company
4333 Edgewood Rd NE
Cedar Rapids, IA 52499

You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 19th day of March, 2018

        DON NEWBERRY, Court Clerk

        By: _____

        Deputy Court Clerk

(SEAL)

Attorney for Plaintiff:

        KRIS TED LEDFORD
        LEDFORD LAW FIRM
        Heritage Professional Plaza
        425 East 22nd Street, Suite 101
        Owasso, OK 74055
        Telephone: (918) 376-4610

This Summons was served on _____ via certified mail.
                (Date of Service)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

5. Whiting Pleadings WIRD 2018 3 IV Alias Summons.docx

# Exhibit B

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

EDIE WHITING, an individual,

Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

Defendant.

Case No. CJ-2018-00982

JURY TRIAL DEMANDED

DANA LYNN KUEHN

DISTRICT COURT
F I L E D

MAR - 6 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## PETITION

Plaintiff, Edie Whiting, for her cause of action against Defendant alleges and states as follows:

## PARTIES

1. Edie Whiting is a resident of Tulsa County.

2. Defendant, Transamerica Occidental Life Insurance Company ("Transamerica"), is an insurance company with its principal place of business in the state of California and doing business in Tulsa County.

3. Venue and jurisdiction are proper in this Court.

## FACTUAL ALLEGATIONS

4. In April of 1997, Richard Whiting ("Mr. Whiting") and Edie Whiting ("Ms. Whiting"), husband and wife, both entered into twenty year term life insurance policies with Transamerica.

5. Richard Whiting's Transamerica life insurance policy (policy number 41289906) has a face amount of $100,000 and names his spouse, Edie Whiting, as the sole beneficiary.

6. As authorized by Transamerica, the Whitings set both Transamerica life insurance policies up for automatic bank withdrawal of the monthly premiums. Each month the combined

monthly premium of $25.66 was automatically withdrawn from the Whitings' bank account and transferred to Transamerica.

7. In February of 2015. Mr. Whiting contacted Transamerica and changed the bank for automatic bank withdrawal for both insurance policies from the Cherokee Strip Credit Union to Arvest Bank.

8. Unbeknownst to the Whitings, Transamerica allegedly transferred the automatic withdrawal for Ms. Whiting's Transamerica life insurance policy to Arvest Bank but failed to transfer the automatic withdrawal for Mr. Whiting's Transamerica life insurance policy to Arvest Bank.

9. On October 11, 2016, Mr. Whiting died. *See* Certificate of Death attached hereto as Exhibit A.

10. Shortly after Mr. Whiting's death, a close family member who was assisting Ms. Whiting during this difficult time called Transamerica to initiate the process of Ms. Whiting collecting the benefits on Mr. Whiting's Transamerica life insurance policy. Instead of assisting Ms. Whiting with the claims process and paying the policy benefits, Transamerica claimed that the insurance policy had lapsed. The close family member requested documentation supporting Transamerica's position and Transamerica forwarded a single letter—a March 6, 2015 letter which included the statement "ADDRESS UNKNOWN" just below Mr. Whiting's name.

11. Sometime thereafter, Ms. Whiting called Transamerica on her own seeking to collect the policy benefits on Mr. Whiting's Transamerica life insurance policy. Instead of assisting her and paying the policy benefits, Transamerica directed her to contact her agent, Paul Rowlett ("Mr. Rowlett").

12.     Ms. Whiting and Mr. Rowlett subsequently placed a call to Transamerica to inquire about the reason why Transamerica was refusing to pay Ms. Whiting the policy benefits on Mr. Whiting's Transamerica life insurance policy.  The Transamerica representative again claimed that the policy had lapsed.  Mr. Rowlett requested that Transamerica send Ms. Whiting all documents showing how the policy allegedly lapsed including any notice letters and records of phone calls.

13.     After almost two months had passed without receiving any of the requested documents from Transamerica, Ms. Whiting and/or Mr. Rowlett again placed a call to Transamerica.  The Transamerica representative on this call stated that the policy had lapsed in error and that Ms. Whiting had reason to complain about the lack of payment of the policy benefits.  Although the Transamerica representative agreed to send the requested documents, no further documents were provided.

14.     Nearly a month later in early February of 2018, Ms. Whiting called Transamerica once again seeking the policy benefits to which she is entitled.  During this call, the Transamerica representative admitted that Transamerica has a recording of the telephone call with Mr. Whiting from February of 2015 confirming that Mr. Whiting directed Transamerica to change the automatic bank withdrawal for both insurance policies to Arvest Bank.  The Transamerica representative further admitted the lapse in Mr. Whiting's Transamerica life insurance policy was the fault of Transamerica and stated that she would contact her superiors about the situation.  In the month since this call, Transamerica has not made any attempt to contact Ms. Whiting or pay her the policy benefits due to her.

3

## COUNT I – BREACH OF CONTRACT

15.    Upon the death of Mr. Whiting, Ms. Whiting was entitled to receive the $100,000 policy benefits because she is the beneficiary under Mr. Whiting's Transamerica life insurance policy.

16.    Transamerica breached the terms of Mr. Whiting's Transamerica life insurance policy by refusing to pay the $100,000 policy benefits to Ms. Whiting.

17.    As a result of Transamerica's breach, Ms. Whiting has incurred damages in the amount of $100,000.

## COUNT II – NEGLIGENCE

18.    When Mr. Whiting contacted Transamerica in February of 2015 to change the automatic bank withdrawal for both insurance policies to Arvest Bank, Transamerica negligently failed to make this change and ensure that Mr. Whiting's Transamerica life insurance policy was in full force and effect.

19.    As a result of Transamerica's negligence, Mr. Whiting's Transamerica life insurance policy allegedly lapsed thereby causing damages to the beneficiary, Ms. Whiting, in the amount of $100,000.

## COUNT III – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20.    In its handling of Ms. Whiting's claim after Ms. Whiting made repeated attempts to obtain the policy benefits due to her under Mr. Whiting's Transamerica life insurance policy, Transamerica breached the duty of good faith and fair dealing implied in all insurance contracts.

21.    Transamerica's tortious conduct included its refusal to investigate or even consider this widow's claim despite knowing from its own records that the alleged lapse in Mr. Whiting's Transamerica life insurance policy was the fault of Transamerica.

4

22.    Ms. Whiting has been damaged as a result of Transamerica's tortious conduct.

23.    Transamerica's actions were intentional, malicious, and/or in reckless disregard for the rights of others thereby warranting the imposition of punitive damages against Transamerica.

WHEREFORE, Ms. Whiting demands judgment against Transamerica in an amount which is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code plus interest, attorney fees, costs, and all other relief which the Court deems just and proper.

Respectfully submitted,

PATRICK H. KERNAN, OBA #4983
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: pkernan@cox.net

and

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorneys for Plaintiff*

ATTORNEY'S LIEN CLAIMED

5

STATE OF OKLAHOMA                    AMENDED
CERTIFICATE OF DEATH              2016 009330T

FREDRICK WAYNE MOWERY

JOHN STEVEN MOWERY

GRACELAND MEMORIAL PARK CEMETERY          OWASSO, OK. 74055

MOWERY FUNERAL SERVICE - OWASSO
STAN GARRETT, OWASSO, OKLAHOMA 74055

16622 EAST 110TH STREET NORTH
COLLINSVILLE, OKLAHOMA 74021                    TULSA

OCTOBER 11, 2016          21 YR

ROSS JAMES MILLER, MD
1115 WEST 17TH STREET
TULSA, OKLAHOMA
74107

Doctor... ROSS J. MILLER, MD
                          31176          NOVEMBER 4, 2016

                                          OCTOBER 11, 2016

+ DENOTES AMENDED ITEMS:
Items 21,34,35,36,46,49 MEDICAL INFORMATION CHANGE/ADDITION (BOX 26-49) : 11/04/2016 RM

EXHIBIT
A



D02803589

This is a true and correct copy of the official record on file at the Office of
Vital Statistics, Oklahoma City, Oklahoma, certified on the date stamped.

Kelly M. Baker

State of .....
State Registrar
Office of Vital Statistics
Department of Health

It is in violation of Oklahoma Statutes, Title 63, Section 1-324.1, to "prepare or issue any
certificate which purports to be original, certified copy or copy of a certificate of birth, death
or stillbirth, except as authorized in this act or rules and regulations adopted under this act."

## CERTIFIED COPIES WILL BE PRODUCED ON MULTI-COLOR SECURITY PAPER.

TO VERIFY PRESENCE OF WATERMARK - HOLD TO LIGHT TO VIEW

**WARNING:**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

MAR - 6 2018

DON NEWBERRY, Court Clerk
STATE OF OKLA TULSA COUNTY

EDIE WHITING, an individual,

    Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

    Defendant.

CJ Disc No. 2018 - 00982

DANA LYNN KUEHN

## ENTRY OF APPEARANCE

COMES NOW, Kris Ted Ledford, of the Ledford Law Firm, and does hereby enter his appearance as counsel for Plaintiff, Edie Whiting.

DATED: March 6, 2018.

Respectfully submitted,

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorney for Plaintiff Edie Whiting*

DISTRICT COURT

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

F I L E D

MAR - 6 2018

EDIE WHITING, an individual,

Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

Defendant.

DON NEWBERRY, Court Clerk
STATE OF OKLA TULSA COUNTY

Case No.: CJ-2018-00982

DANA LYNN KUEHN

## ENTRY OF APPEARANCE

COMES NOW, Patrick H. Kernan and does hereby enter his appearance as counsel for

Plaintiff, Edie Whiting.

DATED: March 6, 2018.

Respectfully submitted,

_____
PATRICK H. KERNAN, OBA #4983
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK 74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: pkernan@cox.net

*Attorney for Plaintiff Edie Whiting*

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

EDIE WHITING, an individual,

     Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

     Defendant.

Case No. CJ-2018-0982

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to 12 O.S. § 3234 of the Oklahoma Discovery Code, Plaintiff, Edie Whiting

("Ms. Whiting"), hereby serves Defendant with her First Set of Requests for Production. In

accordance with the definitions and instructions set forth below, Defendant should produce all

responsive documents and things in the possession, custody, or control of Defendant, or

alternatively respond in writing as to why said documents cannot, should not, or will not be

produced. Said production shall be made at the offices of Ledford Law Firm, 425 E. 22nd Street,

Suite 101, Owasso, OK 74055 within forty-five (45) days from the date of service hereof.

### INSTRUCTIONS

1.     In producing documents and things responsive to these requests, identify the

requests to which each produced document or thing is responsive. If a document or thing is

responsive to more than one Request, each Request to which it is responsive should be identified.

2.     Documents from any single file should be produced in the same manner as they

were found in such file.

3.     If copies of documents are produced in lieu of originals, copies should be legible and bound or stapled in the same manner as the originals.  Plaintiff will pay reasonable copying costs.  Electronic production of documents via a CD is acceptable and preferable.

4.     If a document is withheld from production on grounds of privilege or work-product immunity, (i) identify the document with sufficient particularity to allow the matter to be brought before the Court, including a description of the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, briefly the legal and factual basis for the claim of privilege or work-product immunity.

5.     If any document or thing requested herein was formerly in your possession, custody or control, and has been lost or destroyed, in lieu of production of such document, (i) identify the document's type (e.g., letter, memorandum, report), subject matter, date, its author(s) and addressee(s), and the identity of its custodian, and (ii) state, to the extent possible, the date on which the document was lost or destroyed, and if destroyed, the conditions of and reasons for such destruction and the identity of the person(s) requesting and performing such destruction.

6.     A request for each document or thing that "refers," "relates," or is "relating" to a specified subject matter extends to each document that (i) constitutes, (ii) contains, (iii) supports, (iv) modifies, contradicts, criticizes, discusses, mentions or describes, (v) records, reports, reflects, relates to, or pertains to, (vi) was prepared in connection with, (vii) arises from, or (viii) is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on Defendant's behalf in relation to the subject matter specified.

2

7.     These are continuing Requests for Production.  If, after making your initial production, you obtain or become aware of any further documents or things responsive to this request, you are required to produce such additional documents or things to Plaintiff and to supplement your response and production pursuant to 12 O.S. § 3234.

## DEFINITIONS

1.     The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips, hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you.  *The term "DOCUMENT" or "DOCUMENTS" expressly includes all writings similar to any of the foregoing including e-mail or other such information located, contained, or stored on hard disks, floppy disks, hard drives or other computer related storage media, whether or not generated*

*initially by a computer related media.* The term "DOCUMENT" or "DOCUMENTS" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

2.     When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include Defendant and any other entity/person or entities/persons acting for or on behalf of Defendant.

3.     "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

4.     The word "PERSON" and "PERSONS" include, without limitation, individuals, associations, partnerships, and corporations.

5.     "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the individual request for documents, all documents which might otherwise be construed to be outside its scope.

6.     In construing these discovery requests, the singular shall include the plural and the plural shall include the singular. Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate. The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

7.     As used herein, the phrases "refer or relate to", "relating to", or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with,

commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

8. As used herein, "WHITING LIFE INSURANCE POLICY" shall mean Richard Whiting's Transamerica life insurance policy (Policy # 41289906) which has a face amount of $100,000 and names his spouse, Edie Whiting, as the sole beneficiary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all DOCUMENTS relating to the WHITING LIFE INSURANCE POLICY. *See* definitions set forth above and note that this Request expressly includes any information stored electronically including any external or internal emails and/or electronically stored call notes.

**REQUEST FOR PRODUCTION NO. 2:** Produce all COMMUNICATIONS relating to the WHITING LIFE INSURANCE POLICY.

**REQUEST FOR PRODUCTION NO. 3:** Produce all proofs of mailing relating to all written COMMUNICATIONS from January 1, 2014 to the present relating to the WHITING LIFE INSURANCE POLICY. This Request includes but is not limited to any postal service receipts and/or photographs of mailing.

**REQUEST FOR PRODUCTION NO. 4:** Produce all DOCUMENTS relating to any written COMMUNICATIONS from January 1, 2014 to the present relating to the WHITING LIFE INSURANCE POLICY which were returned to YOU as undeliverable. This Request includes but is not limited to any envelopes returned to YOU.

**REQUEST FOR PRODUCTION NO. 5:** Produce all audio recordings and any transcriptions of audio recordings for all telephone conversations relating to the WHITING LIFE INSURANCE POLICY.

**REQUEST FOR PRODUCTION NO. 6:** Produce all DOCUMENTS relating to the handling of claims which are contained in the personnel file(s) of any adjuster or claim representative who participated in the handling of any claim relating to the WHITING LIFE INSURANCE POLICY.  This Request is expressly *limited* to documents such as performance reviews, write-ups, commendations, bonuses, and other documents which concern the handling of claims by these employees.  Plaintiff is <u>not</u> seeking any documents relating to health insurance or any private health information of these employees.  Plaintiff is agreeable to executing an appropriate protective order which allows for production of the requested documents but has reasonable protections for any private information of these employees.

**REQUEST FOR PRODUCTION NO. 7:** Produce all DOCUMENTS that serve as policies, procedures, manuals, guides, directives, or other documents which provide any form of directions or guidance on how requests for changes to automatic bank withdrawals are handled by YOU.

**REQUEST FOR PRODUCTION NO. 8:** Produce a certified copy of the WHITING LIFE INSURANCE POLICY.

**REQUEST FOR PRODUCTION NO. 9:** Produce all DOCUMENTS relating to any complaints filed with the Oklahoma State Department of Insurance within the past five (5) years relating to claims on life insurance policies which were handled by YOU.

**REQUEST FOR PRODUCTION NO. 10:**   Produce all Oklahoma Department of Insurance market conduct audits relating to YOUR handling of life insurance claims in the State of Oklahoma since January 1, 2013.

**REQUEST FOR PRODUCTION NO. 11:** Produce the DOCUMENTS from which you determined YOUR net worth as stated in response to Interrogatory No. 9.

6

**REQUEST FOR PRODUCTION NO. 12:**  Produce all DOCUMENTS relating to any affirmative defense raised in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 13:**  Produce all DOCUMENTS relating to any other defense YOU have in this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:** Produce all exhibits YOU intend to introduce at the trial of this matter.

Respectfully submitted,

PATRICK H. KERNAN, OBA #4983
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: pkernan@cox.net

and

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorneys for Plaintiff*

S :\Pklaw\Pleadings\WORD 2018 2 6 P 1st RFPs to D.doc

7

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

EDIE WHITING, an individual,

      Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, a foreign insurance
company,

      Defendant.

Case No. CJ-2018-0982

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to 12 O.S. § 3233 of the Oklahoma Discovery Code, Plaintiff, Edie Whiting ("Ms. Whiting"), hereby serves Defendant with her First Set of Interrogatories to be answered in writing and under oath within forty-five (45) days of the date of service.

### DEFINITIONS

1.    When used in these Discovery Requests, the terms "YOU" and "YOUR" are intended to and shall embrace and include Defendant and any other entity/person or entities/persons acting for or on behalf of Defendant.

2.    The terms "allegation" and "allegations" shall mean and refer to allegations contained in Plaintiff's Petition.

3.    "Person" shall refer to any natural person, firm, association, partnership, corporation, or other form of legal business entity.

4.    "IDENTIFY" when used with respect to an individual means to state such individual's name, last known address, and last known telephone number.

5.      "IDENTIFY" when used with respect to an organization (e.g., a corporation, partnership, or association) means to state the name of such organization, type of such organization, and the last known address and telephone number of its principal place of business.

6.      "IDENTIFY" when used with respect to a document means to describe such document with sufficient particularity in order to enable one to describe it adequately in a Request for Production of Documents.  In lieu of such document identification, you may produce with your answers to these Interrogatories a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive.

7.      These Interrogatories are continuing requests.  Consequently, if any information you did not or could not provide for any reason is obtained, or if information formerly unknown to you is discovered which is covered by these Interrogatories, you should immediately prepare supplemental Interrogatory responses.

8.      The term "DOCUMENT" or "DOCUMENTS" as used herein, means any written, typed, graphic or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits and appendices thereto and in its original form (or copies thereof where originals are unavailable) together with any copies thereof bearing notations, memoranda or other written information not on the original, including, but not limited to books, manuals, pamphlets, notebooks, correspondence, court or administrative agency orders, telegrams, notes, notes of tape or sound recordings of any type of telephone conversations or of meetings or conferences, notes of tape or sound recordings of any type of statement of witnesses or of your employees, agendas, minutes of meetings, memoranda, intra-office and inter-office communications, studies, analysis, results of investigations, reviews, contracts, licenses, agreements, ledgers, books of account, vouchers, bank checks and drafts, invoices, charge slips,

2

hotel charges, receipts, freight bills, working papers, statistical records, cost sheets, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets or logs, computer input data, computer output data, computer runs worksheets or work-papers, or other materials, including all such information by your accountant or attorneys to you. *The term "DOCUMENT" or "DOCUMENTS" expressly includes all writings similar to any of the foregoing including e-mail or other such information located, contained, or stored on hard disks, floppy disks, hard drives or other computer related storage media, whether or not generated initially by a computer related media.* The term "DOCUMENT" or "DOCUMENTS" also includes maps, diagrams, photographs, videos, films, DVDs, and CDs.

9.     As used herein, the phrases "relating to" or "relative to" include relating to, referring to, alluding to, responding to, concerning, in connection with, commenting on or in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

10.     "DESCRIBE" or "IDENTIFY" when used with respect to a statement or communication means to identify the person making the statement or communication, the date it was made, the person or persons to whom the communication was made and who witnessed the same, the contents of the communication and the place where it was made.

11.     "DESCRIBE" when used in connection with an act means to provide the identity of the actor, the specific nature of the act, the date and place of the act and the identities of the individuals present.

12.     "COMMUNICATION" means any oral, written, mechanical, electronic or other transmission of words, symbols, numbers or information, including, but not limited to, correspondence, memoranda, telephone conversations, or notes, recordings, transcriptions of

meetings or of telephone conversations, e-mail, facsimile, teletype, telegram, or any other document that recorded or reflected any such communication.

13.    The word "transaction" refers to any agreement, contract, promise, oral communication, exchange of assets, monies, services, labor, equipment, documents, or writings, sale, loan, gift, transfer, note, mortgage, security agreement, the conduct of any business negotiation, management, meeting, conference, function and any interaction between two or more persons by which one person can derive impressions or information from the conduct, condition, or language of the other, and vice versa, which did or did not change the condition, asset or knowledge of any person directly or indirectly involved.

14.    "And" or "or" shall be construed both disjunctively and conjunctively.

15.    In construing these discovery requests, the singular shall include the plural and the plural shall include the singular.  Any pronoun means the masculine, feminine and neuter gender and the singular or plural as in each case may be appropriate.  The use of a verb in any tense shall be construed as the use of the verb in all tenses as is necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside its scope.

16.    As used herein, "WHITING LIFE INSURANCE POLICY" shall mean Richard Whiting's Transamerica life insurance policy (Policy # 41289906) which has a face amount of $100,000 and names his spouse, Edie Whiting, as the sole beneficiary.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  IDENTIFY all DOCUMENTS relating to the WHITING LIFE INSURANCE POLICY.

**INTERROGATORY NO. 2:** IDENTIFY all persons who participated in the handling of any claims made on the WHITING LIFE INSURANCE POLICY.  In addition, state each person's title and how long they have worked for YOU.

**INTERROGATORY NO. 3:** IDENTIFY the supervisors for each person who was identified in response to Interrogatory No. 2.  In addition, state each supervisor's title, how long they have worked for YOU, and identify each person from those listed in response to Interrogatory No. 2 whom they supervise.

**INTERROGATORY NO. 4:** IDENTIFY all phone calls between YOU and Richard Whiting regarding the WHITING LIFE INSURANCE POLICY.  In addition, IDENTIFY YOUR representative for each call.

**INTERROGATORY NO. 5:** IDENTIFY all phone calls between YOU and Edie Whiting regarding the WHITING LIFE INSURANCE POLICY.  In addition, IDENTIFY YOUR representative for each call.

**INTERROGATORY NO. 6:** IDENTIFY all phone calls between YOU and Paul Rowlett regarding the WHITING LIFE INSURANCE POLICY.  In addition, IDENTIFY YOUR representative for each call.

**INTERROGATORY NO. 7:** IDENTIFY all phone calls between YOU and any person calling for or on behalf of Edie Whiting regarding the WHITING LIFE INSURANCE POLICY.  In addition, IDENTIFY YOUR representative for each call.

**INTERROGATORY NO. 8:** DESCRIBE in detail the complete factual basis for any affirmative defense raised in YOUR Answer.

**INTERROGATORY NO. 9:** State your net worth and IDENTIFY the DOCUMENT(S) from which the stated figure was determined.

5

**INTERROGATORY NO. 10:** IDENTIFY all of the individuals whom YOU intend to call as expert witnesses at the time of trial by listing their name, business address, telephone number and the following:

(a)     the subject matter on which each expert witness is expected to testify;

(b)     the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;

(c)     the qualifications of each expert, including a list of all publications authored by the expert witness within the preceding ten (10) years;

(d)     the compensation to be paid to the expert witness for the testimony and preparation for the testimony; and

(e)     a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 11:** IDENTIFY all persons YOU intend to call as witnesses at the trial of this matter and provide a summary of each person's anticipated testimony.

**INTERROGATORY NO. 12:** IDENTIFY all DOCUMENTS YOU intend to use as exhibits at the trial of this matter.

Respectfully submitted,

PATRICK H. KERNAN, OBA #4983
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: pkernan@cox.net

and

6

KRIS TED LEDFORD, OBA #17552
LEDFORD LAW FIRM
Heritage Professional Plaza
425 East 22nd Street, Suite 101
Owasso, OK  74055
Telephone: (918) 376-4610
Facsimile: (918) 376-4993
Email: kris@ledford-lawfirm.com

*Attorneys for Plaintiff*

S - Whiting Pleadings.WORD.2018.3 6 P 1st Interp to D doc



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

EDIE WHITING,
    Plaintiff,
v.
TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY,
    Defendant.

**No. CJ-2018-982**
**(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)**

Filed: 03/06/2018

Judge: Kuehn, Dana

## PARTIES

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, Defendant
WHITING, EDIE, Plaintiff

## ATTORNEYS

**Attorney**
KERNAN, PATRICK (Bar #4983)
15 W. 6TH ST., STE. 2700
TULSA, OK 74119

**Represented Parties**
WHITING, EDIE

LEDFORD, KRIS TED (Bar #17552)
HERITAGE PROFESSIONAL PLAZA
425 E 22ND ST., SUITE 101
OWASSO, OK 75055

WHITING, EDIE

## EVENTS

None

# ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**     Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
Filed By: WHITING, EDIE
Filed Date: 03/06/2018

| Party Name | Disposition Information |
|---|---|

<u>Defendant:</u>
TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 03-06-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 03-06-2018 | CONTRACT | BREACH OF AGREEMENT - CONTRACT | | | |
| 03-06-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 03-06-2018 | PFE1 | PETITION Document Available (#1039606206) 🖹TIFF 🖾PDF | | | $ 163.00 |
| 03-06-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 03-06-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 03-06-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 03-06-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 03-06-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 03-06-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 03-06-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 03-06-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 03-06-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 03-06-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 03-06-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 03-06-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 03-06-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 03-06-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 03-06-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 03-06-2018 | EAA | ENTRY OF APPEARANCE PATRICK H KERNAN ENTERING AS COUNSEL Document Available (#1039608597) 📄TIFF 📄PDF | | WHITING, EDIE | |
| 03-06-2018 | EAA | ENTRY OF APPEARANCE / KRIS TED LEDFOR ENTERING AS COUNSEL Document Available (#1039608589) 📄TIFF 📄PDF | | WHITING, EDIE | |
| 03-06-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|------|------|-------------|-------|-------|--------|
| 03-06-2018 | ACCOUNT | RECEIPT # 2018-3724684 ON 03/06/2018. PAYOR: LEDFORD LAW FIRM PLLC TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2018-982: $173.00 ON AC01 CLERK FEES. CJ-2018-982: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2018-982: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2018-982: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2018-982: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2018-982: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2018-982: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2018-982: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2018-982: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2018-982: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2018-982: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |
| 03-19-2018 | SMF | ALIAS SUMMONS FEE | | | $ 10.00 |
| 03-19-2018 | ASMIA | ALIAS SUMMONS ISSUED MAILED BY ATTORNEY | | | |
| 03-19-2018 | ACCOUNT | RECEIPT # 2018-3731340 ON 03/19/2018. PAYOR: LEDFORD LAW TOTAL AMOUNT PAID: $ 10.00. LINE ITEMS: CJ-2018-982: $10.00 ON AC01 CLERK FEES. | | | |